■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BRIGHT, Appellant. [599 NYS2d 968] —Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered September 6, 1990, convicting defendant upon his plea of guilty to attempted robbery in the third degree and violation of probation, and sentencing him to concurrent terms of imprisonment of 1½ to 3 years as a second felony offender on the attempted robbery and 1⅓ to 4 years on the probation violation, unanimously modified, on the law and the facts, to the extent of reducing the sentence for violation of probation to 1 to 3 years imprisonment, and as so modified, affirmed.

The plea minutes disclose that as part of defendant's original negotiated plea, the court clearly promised to sentence him to a term of 1 to 3 years imprisonment on his violation of probation, to run concurrently with his sentence of 1½ to 3 years on the attempted robbery charge. At sentencing, prosecutor, counsel and court all agreed that they would rely on those "agreed upon dispositions". There was no suggestion by any party that any circumstances had changed since the time of the plea. The court, however, proceeded to sentence defendant to 1⅓ to 4 years imprisonment for the violation of probation, without providing any explanation for its decision to increase that agreed-upon sentence. As the People concede, since the sentence imposed did not conform to the terms of

the plea bargain, defendant's sentence for violation of probation must be reduced to 1 to 3 years imprisonment, in accordance with the promise made to defendant in exchange for his guilty plea *(People v Sepulveda,* 151 AD2d 335).

The unpublished order entered herein on June 3, 1993 is hereby recalled and vacated. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.