■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE NASH, Appellant. [852 NYS2d 310]—Appeals by the defendant from two judgments of the County Court, Suffolk County (Crecca, J.), both rendered June 17, 2005, convicting him of criminal possession of stolen property in the fourth degree under Suffolk County indictment No. 2838-04 and burglary in the third degree under Suffolk County indictment No. 988-05, upon his pleas of guilty, and sentencing him to indeterminate terms of imprisonment of 2 to 4 years on the conviction of criminal possession of stolen property in the fourth degree and 2½ to 5 years on the conviction of burglary in the third degree, to run concurrently with each other.

Ordered that the judgment rendered under Suffolk County indictment No. 988-05 is affirmed; and it is further,

Ordered that the judgment rendered under Suffolk County indictment No. 2838-04 is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of criminal possession of stolen property in the fourth

degree from an indeterminate term of 2 to 4 years' imprisonment to an indeterminate term of 1½ to 3 years' imprisonment; as so modified, the judgment is affirmed.

The plea minutes reveal that the defendant pleaded guilty to criminal possession of stolen property in the fourth degree under Suffolk County indictment No. 2838-04 in exchange for a promised sentence of 1½ to 3 years' imprisonment. However, at the time of sentencing, the court erroneously imposed a sentence of 2 to 4 years, and the mistake went unnoticed by the court, the prosecutor, and defense counsel. Under these circumstances, as the People correctly concede, the sentence imposed under indictment No. 2838-04 should be reduced to conform to the promise made to the defendant in exchange for his plea of guilty (*see People v Allen,* 170 AD2d 686 [1991]; *see also People v Virola,* 203 AD2d 164 [1994]; *People v Bright,* 194 AD2d 479 [1993]). Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.